OPINION of the Court, by
Judge Owsuey.
This was a suit in chancery, brought by the appellees against the appellant, the trustees oí Louisville, and John Sanders, to obtain a conveyance for one of the lots in said town claimed by them in right of the appellee Mrs. Coons, through her ancestor Nibloch Coulson, deceased, under a purchase from the said Sanders, who claimed under the trustees. The trustees and Sanders failing to answer, the bill as to them was regularly taken for confessed. Philips, the appellant, answered; hut it not being satisfactory to the appellees, they, filed exceptions, and the court being of opinion it was insufficient, ordered him to make a better an'swer; but as he refused to do so, they made an order taking the residue of the bill unanswered for confessed, /The cause was then heard and a decree entered ordering Philips, in whom the title then appeared to he, to convey the lot to the appel-lees; and from that decree he has appealed to this court.
*248 That upon Philips refusing to make further answer, the court did right in ordering the residue of the bill unanswered to be taken as true, we have no doubt. The answer was evidently defective in many respects, for it was not only evasive with respect to charges which it purported to answer, but it contained no answer to many very material facts. Those facts, it is true, are not alleged to be within the knowledge of Philips, nor do we suppose such an allegation necessary to authorise the bill to be taken for confessed. Had there been no order taking the bill as true, such an allegation might perhaps have been essential to enable the court on a hearing to have inferred, from the failure to answer, the truth of the facts charged $ but as Philips may have known whether the facts were true or not, the appellees had an unquestionable right to demand of him an answer, and upon his refusal the court acted strictly correct in making an order taking the bill as conféssed.
Assuming as true, then, all the facts alleged in the bill, and which are not denied by the answer of Philips, we can have no hesitation in affirming the decree of the court below: for whatever nice and technical objections may be raised by the ingenuity of counsel, it is impossible for a plain man, assuming as true the allegations of the bill and endeavoring to ascertain their fair import, for a moment to hesitate but what the appellees are entitled to the lot. It is true the bill does not allege negatively that no other pei son is entitled to the lot, but it in substance alleges affirmatively what is more essential, that the appellees, in right of the appellee Mrs. Coons, are entitled to the lot as the heiress of her deceased father Nibloch Coulson, who when he departed this life was entitled to it under a purchase for a valuable consideration from the defendant Sanders: that Sanders when he sold it gave his obligation to Coulson for a title— was the rightful owner, and that Philips the appellant has since the commencement of this suit fraudulently obtained a title from the trustees in virtue of the obligation given by Sanders to Coulson.
The right of the appellees thus set forth in the bilfi is not in anywise denied by the answer of Philips. He charges, it is true, that Sanders denied to him ever having been paid by Coulson for the lot, and alleges he was compelled to make payment before he could obtain a conveyance j but as this allegation is more properly matter *249 in avoidance of the appellees’ right; strictly speaking it should have been supported by proof; especially when it appears, as in this casé, Sanders not only gave possession of the lot to Couison, but also executed his obligation for a title.
Upon the whole, we are of opinion the decree must be affirmed with costs.